IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ROBERTSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARVARD MAINTENANCE INC., ET AL. | : | No. 23-1107 |

**MEMORANDUM**

Padova, J.                                                                           April 11, 2024

        Plaintiff Christopher Robertson commenced this action against Defendants Harvard

Maintenance Inc., Harvard Services Group Inc., and Harvard Shared Services LLC (collectively,

"Moving Defendants"),[1] asserting negligence claims arising from a slip and fall accident at

Robertson's workplace in February 2021.  Moving Defendants have filed a Motion for Summary

Judgment, in which they contend that summary judgment should be entered in their favor because

discovery has uncovered no evidence to support a conclusion that they owed any legal duty to

Robertson.  Robertson has not responded to the Motion.  For the reasons that follow, we grant the

Motion for Summary Judgment and enter judgment in Moving Defendants' favor.

---

        [1] Robertson also named as Defendants Harvard Services Group LLC and a John Doe.  In
the Complaint, Robertson alleges that Harvard Services Group LLC is "a business, entity,
company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing
organized, licensed, and/or qualified under the laws of the Commonwealth of Pennsylvania."
(Compl. ¶ 8.)  However, Defendants state in their Notice of Removal that Harvard Services Group
LLC is a dissolved entity.  (See Docket No. 1 at 2, ¶ 7.)  Following discovery, Robertson has not
produced evidence of the existence of Harvard Services Group LLC, much less produced evidence
of its alleged legal status or its capacity to be sued.  Likewise, he has not identified the John Doe
Defendant.  Accordingly, we dismiss both Harvard Services Group LLC and John Doe as
Defendants in this action.  See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any
time, on just terms, add or drop a party."); see also Betts v. New Castle Youth Dev. Ctr., 621 F.3d
249, 252 (3d Cir. 2010) (explaining that "[u]nsupported assertions, conclusory allegations, or mere
suspicions" do not suffice to support a claim at the summary judgment stage (citation omitted));
Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009) ("If reasonable discovery does
not unveil the[ir] proper identities . . . John Doe defendants must be dismissed." (citing Scheetz v.
Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa.1990))).

## I.    BACKGROUND

Robertson originally filed his Complaint in the Court of Common Pleas of Philadelphia County on February 22, 2023.  (See Defs.' Ex. B.)[2]  The Complaint alleges that on February 25, 2021, Robertson, then a Philadelphia Gas Works ("PGW") employee, was at a PGW facility at 5138 Belfield Avenue ("Belfield") in connection with his employment.  (Compl. ¶¶ 19-20, 23, 26.) That morning, while walking in the Belfield parking lot, Robertson allegedly slipped and fell on accumulated ice, sustaining serious, painful, and permanent injuries to his hand, spine, head, neck, and back.  (Id. ¶¶ 37, 42.)  The Complaint alleges that Moving Defendants had a duty to keep the premises safe for individuals like Robertson and that they breached that duty by permitting water and ice to accumulate, creating a tripping and slipping hazard.  (Id. ¶¶ 32, 34, 36, 39.)  Based on these essential allegations, Robertson asserts negligence claims against each Defendant,[3] and seeks compensatory damages for physical, mental, and economic harm.  (Id. ¶¶ 42-52.)  On March 21, 2023, Defendants removed the case to this Court on the basis of diversity jurisdiction. (See Docket No. 1.)  After conducting discovery, Moving Defendants filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

The undisputed facts in the summary judgment record are as follows.  On September 6,

---

[2] All of Moving Defendants' exhibits that we reference are those attached to Moving Defendants' Motion for Summary Judgment.

[3] The Complaint contains six Counts and five claims.  Each claim is a negligence claim against one of the named Defendants and/or the John Doe Defendant: Count II against Harvard Maintenance Inc. and/or John Doe, Count III against Harvard Services Group Inc. and/or John Doe, Count IV against Harvard Services Group LLC and/or John Doe, Count V against Harvard Shared Services LLC and/or John Doe, and Count VI against John Doe.  Count I does not assert an additional claim, but rather simply contains factual allegations common to all other Counts. Because we have dismissed Harvard Services Group LLC and the John Doe Defendant, as explained in footnote 1, we likewise dismiss the Counts that assert claims only against them, namely, Counts IV and VI.  We also dismiss Counts II, III, and V insofar as they assert claims against John Doe.  Thus, the only remaining claims are the negligence claims in Counts II, III, and V against Moving Defendants.

2017, Harvard Maintenance entered into a service agreement with PGW to "clean, disinfect and sanitize all workstations and offices, floors, wall[s], ceiling tiles, vents, desk or furniture surfaces, contact surfaces, etc., to ensure a healthy work environment free of dust, germs and contaminants" including at "field operation stations" like Belfield.  (Sept. 6, 2017 Purchase Order, Defs.' Ex. D, at 1; Hollman Dep., Defs.' Ex. F, at 33.)  At her deposition, PGW corporate designee and Facilities Planning Manager Amanda Hollman testified that this agreement was in effect at the time of Robertson's accident.  (Hollman Dep. at 10, 16, 53-54.)  Under the service agreement, PGW had the option to request that Harvard Maintenance remove snow and ice at Belfield.  (Id. at 25, 39.)  However, Hollman testified that she was not aware of any time when PGW exercised that option.  (Id. at 25.)  Specifically, she testified that Harvard Maintenance did not have any responsibility for snow and ice removal at the Belfield facility on February 25, 2021, and was neither paid for nor asked to perform snow and ice removal on that date.  (Id. at 26-27, 73-74.)  Instead, Hollman testified that on February 25, 2021, PGW chose to have its own employee do snow and ice removal.  (Id. at 25, 27.)  PGW work reports substantiate that a PGW mechanic salted at Belfield that day.  (Id. at 19-22.)

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law."  Id.  In ruling on a summary judgment motion, we "construe the evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion."  Jacobs v. Cumberland Cnty., 8 F.4th 187, 192 (3d Cir. 2021) (citing Bland v. City of Newark, 900 F.3d 77, 83 (3d Cir.

3

2018)).   However, "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." <u>Betts</u>, 621 F.3d at 252 (citing <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989)).   If a reasonable fact finder could find in the nonmovant's favor, summary judgment may not be granted.   <u>Congregation Kol Ami v. Abington Twp.</u>, 309 F.3d 120, 130 (3d Cir. 2002) (citation omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).   Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial <u>Celotex</u> burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325. After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials [that the moving party has cited] do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).   Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

Summary judgment will not be granted simply because a non-movant fails to respond to a summary judgment motion. <u>Castro-Diaz v. Kovalovsky</u>, Civ. A. No. 11-181, 2012 WL 3135397, at *2 (E.D. Pa. Aug. 1, 2012).   Rather, the court must still find that "the undisputed facts warrant[] judgment as a matter of law" under the above standard. <u>Miller v. Ashcroft</u>, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; <u>Lorenzo v. Griffith</u>, 12 F.3d 23, 28 (3d Cir.1993); <u>Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.</u>, 922 F.2d 168, 175 (3d Cir. 1990)).

## III.    DISCUSSION

Moving Defendants seek summary judgment in their favor on the negligence claims against them.  They argue that there are no facts in the record which could support a reasonable inference that they owed a duty to Robertson to keep the premises free from ice.  On the contrary, they argue that uncontroverted testimony from Hollman, as well as the purchase order detailing their agreement with PGW, establish that they were not responsible for snow and ice removal at Belfield on the day in question.  Thus, they contend that the record evidence only supports the conclusion that they owed no duty to Robertson, and that summary judgment in their favor is therefore appropriate.

The existence of a legal duty is an essential element of a negligence claim under Pennsylvania law.[4]  See Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co., 106 A.3d 27, 31 (Pa. 2014) (citing Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1168 (2000)); Liebig v. MTD Prods. Inc., 674 F. Supp. 3d 164, 170 (E.D. Pa. 2023) ("Where no legal duty exists there can be no negligence, as duty is an essential element of a negligence cause of action." (quotation omitted)).  Here, Robertson alleges that Moving Defendants had a duty to keep the Belfield parking lot free of the water and ice that caused him to slip and fall on February 25, 2021.  However, there are no facts in the summary judgment record to support this allegation.  Rather, the purchase order describing the service agreement between PGW and Harvard Maintenance calls for "janitorial services" involving only facility interiors, such as workspaces and offices.  (Defs.' Ex. D at 1; Hollman Dep. at 31.)  Snow and ice removal is not mentioned in the purchase order.  (See Defs.' Ex. D.)  While Hollman testified that PGW had an option under the agreement to request that Harvard Maintenance perform snow and ice removal as well, she further testified that PGW had

---

[4] Moving Defendants assert, and we agree, that Pennsylvania law applies to this action because Robertson's claims arose in Pennsylvania.  See Durkot v. Tesco Equip., LLC, 654 F. Supp. 2d 295, 297 (E.D. Pa. 2009) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).

never made such a request.  (Hollman Dep. at 25, 39.)  Moreover, she explicitly testified that, on February 25, 2021, the day that Robertson allegedly fell, PGW had utilized its own staff to perform snow and ice removal.  (Id. at 19-22, 25-27.)

By pointing to these portions of the record, which support the conclusion that Moving Defendants had no duty to perform snow and ice removal in the Belfield parking lot, and by pointing out the "absence of evidence to support [Robertson's] case," Moving Defendants have met their "initial responsibility of informing the district court of the basis for [their] motion." Celotex, 477 U.S. at 323, 325.  Robertson has failed to respond with any factual showing that could establish that Moving Defendants owed him a legal duty, "an element essential to [his] case, and on which [he] will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Accordingly, we conclude that the facts in the summary judgment record can only support a conclusion that Moving Defendants owed no duty to Robertson to clear the Belfield parking lot of ice and snow, and they are therefore entitled to judgment as a matter of law on the negligence claims against them in Counts II, III, and V.

## IV.    CONCLUSION

For the foregoing reasons, we grant Moving Defendants' Motion for Summary Judgment in its entirety, and we enter judgment in their favor and against Robertson.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.